**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4875**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY JAMES MARTIN, a/k/a Wolfman,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:12-cr-00011-JPB-JSK-1)

Submitted:  April 4, 2013        Decided:  April 25, 2013

Before NIEMEYER, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lary D. Garrett, GARRETT & GARRETT, Moorefield, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Stephen Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry James Martin pleaded guilty, pursuant to a written plea agreement, to possession of material used in the manufacture of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6), (d)(2) (2006), 18 U.S.C. § 2 (2006). The district court sentenced Martin to 120 months' imprisonment. On appeal, Martin asserts that his sentence is unreasonable because the district court imposed the statutory maximum sentence and declined to grant a downward variance. We affirm.

We review Martin's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the

2

circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the appellant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Martin alleges that the district court erred in imposing the statutory maximum sentence and in failing to grant a downward variance. Martin does not assert any specific procedural error, and our review of the record leads us to conclude that Martin has not overcome the presumption of substantive reasonableness applicable to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED